IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| TEJAS RESEARCH, LLC,<br><br>                Plaintiff,<br><br>vs.<br><br>WALGREENS.COM, INC. and<br>WALGREEN CO.,<br><br>                Defendants. | C.A. No. 6:12-cv-300-LED<br><br>JURY TRIAL DEMANDED |

**DEFENDANTS WALGREENS.COM, INC. AND WALGREEN CO.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendants Walgreens.com, Inc. and Walgreen Co. (collectively, "Walgreens") responds to the Complaint filed by Plaintiff Tejas Research, LLC ("Tejas" or "Plaintiff"), with the following Answer and Affirmative Defenses:

**GENERAL DENIAL**

Unless specifically admitted below, Walgreens denies each and every allegation in the Complaint.

**RESPONSE TO SPECIFIC ALLEGATIONS**

Walgreens answers the numbered paragraphs of the Complaint with the following correspondingly-numbered responses:

**PARTIES**

1.  Walgreens lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 1, and therefore denies them.

2.  Walgreens admits the allegations of paragraph 2 of the Complaint.

3. Walgreens admits the allegations of paragraph 3 of the Complaint.

## JURISDICTION AND VENUE

4. Walgreens admits that the Complaint purports to assert claims arising under Title 35 of the United States Code, but denies that those claims have any merit. Walgreens admits that this Court has subject matter jurisdiction.

5. Walgreens admits that venue in this district as this case pertains to it is permissible, but avers that this district is not the most convenient or most appropriate forum for this action. Walgreens specifically denies the remaining allegations of paragraph 5 that it has committed any act of infringement in this judicial district.

6. Walgreens admits this Court has specific and/or general jurisdiction over it, but otherwise denies the allegations of paragraph 6, and specifically denies that it has committed any act of infringement in this judicial district.

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 6,006,231

7. Walgreens admits that Exhibit A to the complaint appears to be a copy of U.S. Patent No. 6,006,231 ("the '231 patent"), but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7, and therefore denies them.

8. Walgreens denies the allegations of paragraph 8 of the Complaint.

9. Walgreens denies the allegations of paragraph 9 of the Complaint.

10. Walgreens denies the allegations of paragraph 10 of the Complaint.

11. Walgreens lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11, and therefore denies them.

12. Walgreens denies that it has committed any infringement of the '231 patent, including that it willfully infringed the '231 patent.

13. Walgreens denies the allegations of paragraph 13, and specifically denies that Plaintiff is entitled to a money judgment against Walgreens.

14. Walgreens denies that Plaintiff is entitled to a permanent injunction, and denies that Plaintiff is or will be greatly and irreparably harmed in any manner by Walgreens.

## PRAYER FOR RELIEF

15. Walgreens denies that Plaintiff is entitled to any relief whatsoever against it, either as prayed for in its Complaint or otherwise.

\* \* \*

## AFFIRMATIVE DEFENSES

Walgreens' Affirmative Defenses are listed below. Walgreens reserves the right to amend its Answer to add Affirmative Defenses, including inequitable conduct, consistent with facts discovered in the case.

### First Defense: Failure to State a Claim

16. Plaintiff's Complaint fails to state any claim against Walgreens upon which relief may be granted.

### Second Defense: Noninfringement

17. Walgreens has not infringed, and currently is not infringing, any claim of the '231 patent, either literally or under the doctrine of equivalents, nor is Walgreens willfully infringing any claim of the '231 patent.

### Third Defense: Invalidity

18. Each claim of the '231 patent is invalid for failure to meet one or more of the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, and/or 112, because one

or more of the claims lacks definiteness, because the alleged inventions thereof lacks utility and one or more of the claims are not enabled, and because one or more of the claims are invalid inasmuch as they are taught by, suggested by, anticipated by, and/or obvious in view of the prior art, and/or are unsupported by the written description of the invention.

### Fourth Defense: License, Implied License and/or Patent Exhaustion

19. Plaintiff's claims for relief are barred in whole or in part pursuant to the doctrines of express license, patent exhaustion and/or implied license.

### Fifth Defense: Prosecution History Estoppel and Waiver

20. As a result of the proceedings before the United States Patent and Trademark Office during the prosecution of the application for the '231 patent, specifically the admissions, representations, and amendments made on behalf of the applicants for the '231 patent, Plaintiff is estopped from asserting any construction of the claims of the '231 patent to cover any activity engaged in or product sold by Walgreens, and/or has waived any right to do so.

### Sixth Defense: Lack of Standing

21. On information and belief, Plaintiff lacks standing to bring a patent infringement action based on any alleged infringement of the '231 patent by Walgreens, and/or has failed to join a necessary party under Fed. R. Civ. P. 19.

### Seventh Defense: Lack of Standing to Sue for Past Damages

22. On information and belief, Plaintiff lacks standing to sue for past damages arising from any alleged infringement of the '231 patent by Walgreens.

### Eighth Defense: Costs Barred

23. Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

### Ninth Defense: Laches and Waiver

24. Plaintiff's claims under the '231 patent are barred by the doctrines of laches and waiver due to Plaintiff's (and any of its predecessors'-in-interest) knowledge of Walgreens's allegedly infringing actions, and their unjustified and/or unreasonable failure to pursue their infringement claims diligently and timely from the time they became aware they had claims against Walgreens. Walgreens has been economically and materially prejudiced and injured from Plaintiff's (and any of its predecessors'-in-interest) inexcusable lack of diligence, including without limitation the loss of third-party records pertaining to the prior art, and the unreliability of the memories of witnesses who otherwise would have possessed knowledge of the technology and claims at issue.

### Tenth Defense: Equitable Estoppel

25. Plaintiff's claims under the '231 patent are barred by the doctrine of equitable estoppel due to Plaintiff's (and any of its predecessors'-in-interest) knowledge of Walgreens's allegedly infringing actions and Plaintiff's (and any of its predecessors'- in-interest) misleading conduct with respect to Walgreens. Walgreens has been both economically and materially prejudiced and injured by its reliance on that misleading conduct.

### Eleventh Defense: Limitation on Damages

26. Plaintiff's claims for damages are barred and/or limited by 35 U.S.C. §§ 286 and 287.

**Twelfth Defense: Reservation of Additional Defenses**

27. Walgreens reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States and any other defenses, at law or in equity, that may now or in the future be available based on discovery or any other factual investigation concerning this case or any related action.

**DEMAND FOR JURY TRIAL**

Walgreens hereby demands a trial by jury for all issues so triable.

**CONCLUSION AND PRAYER FOR RELIEF**

WHEREFORE, Walgreens requests that:

A. Plaintiff Tejas take nothing by its Complaint;

B. The Court enter judgment in favor of Walgreens in this action, and against Plaintiff, thereby dismissing Plaintiff's Complaint in its entirety, with prejudice, and deny Plaintiff all requested relief;

C. The Court find that the '231 patent is not infringed by Walgreens;

D. The Court find that Plaintiff does not have standing or any right to sue Walgreens for infringement of the '231 patent;

E. The Court find that Plaintiff cannot recover any damages from Walgreens for any infringement of the '231 patent;

F. The Court find that Plaintiff is equitably estopped from recovering any damages from Walgreens for any infringement of the '231 patent;

G. The Court declare that Walgreens's defenses present an exceptional case entitling it to its reasonable attorneys' fees under 35 U.S.C. § 285;

H. The Court award Walgreens its costs and reasonable attorneys' fees; and

      I.      The Court grant Walgreens all other and further relief that the Court deems appropriate.

Respectfully submitted,

Dated:  June 29, 2012

By:  /s/ Todd S. Patterson
Todd S. Patterson, Esq.
todd.patterson@dlapiper.com
State Bar No. 24060396
**DLA Piper LLP (US)**
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Telephone:  512-457-7000
Facsimile:  512-457-7001

Sean Cunningham, Esq. (*pro hac vice pending*)
Erin P. Gibson, Esq. (*pro hac vice pending*)
David R. Knudson, Esq. (*pro hac vice pending*)
**DLA Piper LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101-4297
Telephone:  619-699-2700
Facsimile:  619-699-2701

**Attorneys for Defendants
Walgreens.com, Inc. and Walgreen Co.**

8

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 29th day of June, 2012, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

/s/ Todd S. Patterson
Todd S. Patterson